CYRUS PATTERSON *versus* JOSIAH CHANDLER.

</div>

An appraisers' return upon an execution, stating " we viewed a tract of land * * shown to us * * as the estate of * * the debtor, * * which said tract of land we have appraised at," a sum named, " and we have set out said tract of land by metes and bounds," &c., sufficiently states the " nature of the estate," as required by R. S., c. 76, § 3.

If the whole interest in the estate set out is appraised as belonging to the debtor, when, in fact, he owned only two-thirds, still the levy will be valid.

ON REPORT.

WRIT OF ENTRY.

The plaintiff claimed under a levy in his favor against the defendant, made Nov. 16, 1858, and recorded Jan. 6, 1859. The defendant was in possession at the time of the levy

and has continued in possession ever since. It was agreed that the defendant owned at the time of the levy only two-thirds undivided of the lot levied upon.

So much of the appraisers' return as is essential was as follows : — " We have this day entered upon, with the officer, Miles Staples, a deputy sheriff, and, so far as necessary to form a just value thereof, and viewed a *tract of land*, lying in Knox, in said county, shown to us by Cyrus Patterson, the creditor, *as the estate* of Josiah Chandler, the debtor, which said tract of land is bounded and described as follows, which said *tract of land* we have * * appraised at * * * and we have *set out the said tract of land* by metes and bounds to the creditor," &c.

Judgment was to be rendered according to the legal rights of the parties; and, if for the plaintiff, damages to. be assessed by an arbitrator to be agreed upon by the parties, or to be appointed by the Court.

*W. G. Crosby*, for the plaintiff.

*W. H. McLellan*, for the defendant.

DANFORTH, J. — The only question raised in this case is as to the sufficiency of the appraisers' return, under the provisions of R. S., 1857, c. 76, § 3. The statute does not require the use of any particular form of words, but simply that the nature and interest of the debtor appraised should be distinctly described and set out. In the return under which the plaintiff claims, the appraisers say, — " we viewed a *tract of land* * * shown to us * * as *the estate* of Josiah Chandler, the debtor, * * which *said tract* we have appraised, * * and we have set out *said tract of land*," &c. This would seem to be fit and appropriate language to describe the highest interest in the land known to the law. It certainly covers all there is of it. It would be inappropriate if any less interest was appraised and set off. Language substantially like this was held sufficient in *Boynton* v. *Grant*, 52 Maine, 220. The principles laid down in

*Stinson* v. *Rouse*, 52 Maine, 261, are not in conflict with *Boynton* v. *Grant*, but rather confirmatory of it. The statute, however, does not require that the title of the debtor should be correctly stated, only that there should be no doubt as to the interest appraised. If a greater interest is appraised than the debtor had, still the levy will hold, if the creditor so elects, whatever estate the debtor had. R. S., 1857, c. 76, § 6. From the agreed statement of facts in this case, it appears that the debtor was the owner of two undivided third parts of the land levied upon, and for that portion only is the plaintiff entitled to judgment.

> *Judgment for plaintiff for two-thirds undivided of the land claimed, damages to be assessed by an assessor agreed upon by the parties or appointed by the Court.*

APPLETON, C. J., CUTTING, WALTON, DICKERSON and BARROWS, JJ., concurred.